Brendan J. O'Rourke
*borourke@proskauer.com*
Alexander Kaplan
*akaplan@proskauer.com*
Jeffrey H. Warshafsky
*jwarshafsky@proskauer.com*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Facsimile: (212) 969-2900

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TRIANGL GROUP LIMITED; TRIANGL :
INTERNATIONAL LIMITED; and TRIANGL :    No. [         ]
LIMITED, :
 :
                Plaintiffs, :   **COMPLAINT**
 :
       v. :
 :
JIANGMEN CITY XINHUI DISTRICT :
LINGZHI GARMENT CO., LTD.; MG :
INDUSTRIAL CO., LTD.; CHEN ZHIMEI; OU :
FA RONG; JEFF XUE; and XYZ COMPANIES, :
JOHN DOES, and JANE DOES, :
 :
              Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiffs TRIANGL GROUP LIMITED, TRIANGL INTERNATIONAL LIMITED, and

TRIANGL LIMITED (collectively, "Triangl") hereby file this Complaint against defendants

JIANGMEN CITY XINHUI DISTRICT LINGZHI GARMENT CO., LTD.; MG INDUSTRIAL

CO., LTD.; CHEN ZHIMEI; OU FA RONG; JEFF XUE; and XYZ COMPANIES, JOHN

DOES, and JANE DOES (collectively, "Defendants" or "Lingzhi") on personal knowledge as to

Triangl's own activities and on information and belief as to the activities and/or state of mind of

Defendants and others:

**NATURE OF THE ACTION**

1.      This is an action for trade dress infringement, trademark infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), copyright infringement under 17 U.S.C. §§ 101, *et seq*. (the "U.S. Copyright Act"), injury to business reputation and trade dress and trademark dilution under N.Y. G.B.L. § 360-1, trade dress and trademark infringement and unfair competition under New York common law, and breach of contract under New York common law.

2.      Triangl is one of the world's hottest bikini brands.  It sells bikinis featuring a highly distinctive and widely recognized trade dress, which Triangl made based on bikini designs originally created by Triangl's co-founder and CEO.  Triangl markets its bikinis on social media and on Triangl's website using its proprietary images of the bikinis and models wearing the bikinis.

3.      Defendants are intellectual property pirates based in the People's Republic of China ("China" or the "PRC").  Defendants regularly act as an original equipment manufacturer ("OEM") for foreign companies seeking low-cost manufacturing in the PRC.  It was on that basis that Triangl originally hired them to make swimwear products for Triangl before the launch— and the explosion in popularity—of the Triangl brand.  Shortly after the Triangl business began to take off and Triangl's orders for OEM production with Lingzhi began to increase, Triangl discovered that Lingzhi was surreptitiously manufacturing, offering to sell and selling knock-off Triangl-branded products and other products infringing Triangl's trade dress and copyrighted designs to third-party customers, including via the internet and using copyrighted Triangl photographs.  Triangl terminated its business relationship with Lingzhi.  Lingzhi agreed, *inter alia*, to cease infringing Triangl's intellectual property, and to shut down its infringing website.

4.      Unfortunately, Lingzhi has not ceased its infringing activities.  Rather, Lingzhi has increased its efforts to reap profits from Triangl's hard work, creativity and investment in the Triangl brand and designs, entirely co-opting Triangl's business model and intellectual property. Under at least two different brand names, "Brakinis" and "Vossue," and on numerous websites and online marketplaces, Lingzhi has sold bikinis that infringe Triangl's trade dress and designs (the "Knockoff Bikinis").  Lingzhi promotes the Knockoff Bikinis using copyrighted images taken straight from Triangl's website.  Consumer confusion is already substantial and causing Triangl significant harm to its reputation and goodwill, as well as unlawfully diverting sales of Triangl bikinis.

5.      Accordingly, to prevent and remediate the rampant consumer confusion caused by Lingzhi's promotion and sale of the Knockoff Bikinis, and to compensate Triangl for its injuries, Triangl seeks immediate and permanent injunctive relief, compensatory damages, disgorgement of Defendants' profits, statutory damages, punitive damages, Triangl's reasonable attorneys' fees and expenses, a product recall, and corrective advertising sufficient to address Defendants' wrongdoing.  Given the likelihood that Defendants will ignore any relief ordered by this Court, Triangl also seeks injunctive relief directing third parties providing services to Defendants enabling the sale of the Knockoff Bikinis to cease providing such services to Defendants.

## THE PARTIES

6.      Plaintiff Triangl Group Limited is a limited company organized under the laws of Jersey with its principal place of business at Ingouville House, Ingouville Lane, St. Helier, JE2 4SG, Jersey.

7.      Plaintiff Triangl International Limited is a limited company organized under the laws of the British Virgin Islands with its principal place of business at AMS Trustees Limited,

Sea Meadow House, Blackburne Highway, (P.O. Box 116), Road Town, Tortola, British Virgin Islands.

8.      Plaintiff Triangl Limited is a limited company organized under the laws of Hong Kong with its principal place of business at 26/F, Tesbury Centre, 28 Queen's Road East, Wanchai, Hong Kong.

9.      On information and belief, Defendant Jiangmen City Xinhui District Lingzhi Garment Co., Ltd. is a PRC company with its principal place of business at 29 Dong Jie, Ling Zhen, Huicheng, Xinhui District, Jiangmen City, Guangdong Province, P.R. China.

10.     On information and belief, Defendant MG Industrial Co., Ltd. is a PRC company with its principal place of business at A3 Building, Quishuiling Industrial Park, Shenzhen, Guangdong Province, P.R. China.

11.     On information and belief, Defendant Chen Zhimei, aka "Wing Chen" ("Chen") is an individual whose address currently is unknown and who, at all relevant times herein, has owned and/or operated Jiangmen City Xinhui District Lingzhi Garment Co., Ltd. and MG Industrial Co., Ltd.

12.     On information and belief, Defendant Ou Fa Rong ("Ou") is an individual whose address currently is unknown and who, at all relevant times herein, has owned and/or operated Jiangmen City Xinhui District Lingzhi Garment Co., Ltd. and MG Industrial Co., Ltd.

13.     On information and belief, Defendant Jeff Xue is an individual who has an address of 1 Long Yan Wei, Huicheng, Xinhui District, Jiangmen City, Guangdong Province, P.R. China and who is currently a director of Jiangmen City Xinhui District Lingzhi Garment Co., Ltd. and MG Industrial Co., Ltd.

14.     On information and belief, the individual Defendants, as the owners and operators of Jiangmen City Xinhui District Lingzhi Garment Co., Ltd. and MG Industrial Co., Ltd., have a direct financial interest in the sale of the Knockoff Bikinis, and directly participate in, contribute to and/or control the unlawful conduct described herein.   On information and belief, the individual Defendants actively manage Lingzhi's business, including the branding, distribution and sale of the Knockoff Bikinis.   On information and belief, the individual Defendants are aware of the Triangl brand and intellectual property and know that the Knockoff Bikinis intentionally seek to mimic and copy Triangl's trade dress and designs.

15.     In connection with the unlawful conduct described herein, the preceding Defendants are acting in conjunction with various Defendant John Does, Jane Does, and XYZ Companies whose identities are not presently known.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act (15 U.S.C. § 1121), the U.S. Copyright Act and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Triangl's related state statutory and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

17.     Defendants are doing business in New York and this District and are subject to the jurisdiction of this Court.

18.     This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. § 302.  Defendants transact business in the State of New York and this District.  Specifically, by continuously soliciting business from New York residents on the Internet through multiple fully interactive websites, accepting payment from New York residents in U.S. dollars, and by delivering Knockoff Bikinis to residents of New York, Defendants have transacted business in

New York and engage in interstate commerce and have wrongfully caused Triangl substantial

injury in the State of New York.  In addition, this Court has personal jurisdiction over

Defendants because this Action arises out of Defendants' sale of Knockoff Bikinis into the State

of New York, from which Defendants derive substantial revenue and which is causing

foreseeable harm in New York.  In addition, Triangl's outside investigators have placed orders

on brakinis.com and vossue.com, and Defendants have made multiple shipments of Knockoff

Bikinis to this District.  Finally, the Court also has personal jurisdiction over Defendants

because, in connection with Defendants' February 11, 2016 DMCA Counter-Notice submitted to

Google (Exhibit 1), they consented, pursuant to 17 U.S.C. 512(g)(3)(D), to jurisdiction in any

District in which Google may be found.  Google has an office in the Southern District of New

York.

19.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because Defendants

are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

### Triangl and Its Protected Intellectual Property

20.     Triangl was founded in 2012 by Craig Ellis and his fiancée, Erin Deering.  Mr.

Ellis is a former professional Australian Rules football player.  After he retired as an athlete, he

worked in the fashion industry before meeting Ms. Deering.  On their second date, after shopping

unsuccessfully for an affordable and fashionable bikini for Ms. Deering, the couple determined

that there was a gap in the swimwear market for reasonably priced, high-quality, fashionable

bikinis.  After moving to Hong Kong, and selling their belongings to fund their new business,

they formed Triangl.  Within just a few years, Triangl became one of the world's most popular

bikini brands.

21.     Triangl sells a broad range of bikinis, including, in particular, bikinis featuring the brand's iconic trade dress: decorative black trim on the bikini tops and bottoms, forming a "T" shape on the front of each bikini cup (the "Triangl Trade Dress").  Photographs of a number of Triangl bikinis featuring the Triangl Trade Dress are attached as Exhibit 2.  The bikinis depicted in Exhibit 2 were based on and derived from original, copyrighted designs that were created by or assigned to Triangl (the "Triangl Designs").

22.     Triangl's most popular bikinis are the "Milly" and "Poppy," which come in several different colors and color combinations, respectively, and prominently feature the Triangl Trade Dress and Triangl Designs.  (*See* Exhibit 2).

Triangl's "Milly – St Tropez Sun" Bikini        Triangl's "Poppy – Blue Crush" Bikini



23.     In addition to being original and inherently distinctive, the Triangl Trade Dress is widely recognized by consumers.  Triangl currently has more than 2.8 million Instagram followers—more than many longer-existing and well-known fashion brands, including, for example, GAP, Hugo Boss, Lacoste and Tory Burch.  To its millions of followers, Triangl regularly publishes photographs of models, celebrities and consumers wearing its bikinis.  Many of these followers, in turn, share these posts with their friends and social media followers.  A copy of Triangl's Instagram page is attached as Exhibit 3.

24.     In addition, celebrities and bloggers who are popular with Triangl's existing and potential consumers—including, for example, Kendall and Kylie Jenner, Hailey Baldwin, Kate Hudson, Shay Mitchell, Miley Cyrus and Beyoncé—have shared and posted images and videos of themselves wearing Triangl products.  Tens of thousands of consumers have done the same on Facebook, Instagram, Pinterest and YouTube.   These posts have generated millions of "likes" and "shares."

Kate Hudson Instagram Post



(instagram.com/p/73GILyJcrN)

Shay Mitchell Instagram Post



(instagram.com/p/zYNP3Nwr9E)

Shay Mitchell Instagram Post

(instagram.com/p/658kSdwrwi)

25.    Triangl's brand and swimwear have been covered by many mainstream news outlets, including Bloomberg, Business Insider, the Daily Mail, InStyle, the Independent, Sports Illustrated and the Telegraph.  One news outlet recently crowned Triangl as the "world's most

popular bikini."   Copies of media reports regarding Triangl's massive consumer appeal and recognition are attached as Exhibit 4.

26.     As a direct result of Triangl's efforts at promoting and building its brand, Triangl's brand has exploded in popularity, creating substantial demand for and interest in Triangl swimwear, and generating enormous goodwill in Triangl's brand, the Triangl Trade Dress and the "Triangl" word mark (the "Triangl Mark") in the United States and around the world.   Triangl's swimwear products bearing the Triangl Trade Dress and the Triangl Mark have yielded tens of millions of dollars of sales in the U.S. over the past year.   Because of Triangl's massive success and popularity, consumers have come to associate Triangl's high-quality bikinis with the Triangl Trade Dress and, conversely, have come to recognize the Triangl Trade Dress as a designation of source.   Likewise, consumers recognize the Triangl Mark as an indicator that Triangl bikinis originate from Triangl.

27.     Triangl sells its bikinis on its website, triangl.com.   Triangl's website features dozens of copyright-protected photographs of its bikinis and models wearing its bikinis.   Copies of the homepage and other representative pages from www.triangl.com are attached as Exhibit 5.

**<u>Defendants' Unlawful Conduct</u>**

28.     Triangl hired Lingzhi in 2013—just as Triangl was starting out—to manufacture Triangl products as an OEM manufacturer.   In connection with this business relationship, Triangl provided Lingzhi under a limited license the Triangl Designs and other intellectual property solely for the purpose of supplying Triangl bikinis to Triangl.   Unbeknownst to Triangl, however, and even whilst Lingzhi was manufacturing Triangl bikinis for Triangl, Lingzhi was also making, offering to sell and selling exact replicas of Triangl's bikinis, *i.e.*, Knockoff Bikinis, which Lingzhi held out to be authentic Triangl products.   In addition to manufacturing Triangl

products, Lingzhi also labelled some of the Knockoff Bikinis under a brand called "Brakinis," stealing a term coined by Mr. Ellis that Triangl had originally intended to use to market a line of its products.

29.     Once Mr. Ellis learned of Lingzhi's disloyalty, he promptly terminated the parties' business relationship, but not before securing a written agreement from Lingzhi (Exhibit 6) that it would cease its unlawful behavior.  Lingzhi agreed, *inter alia*, to (i) cease using any Triangl intellectual property, including but not limited to the Triangl Trade Dress, the Triangl Designs and photographs from Triangl's website, (ii) remove Triangl's photographs from Lingzhi's AliExpress marketplace stores, (iii) return stolen Triangl goods, (iv) shut down www.brakinis.com, and (v) cease producing, distributing and selling "Brakinis" products.  The April 2014 agreement is signed on behalf of Lingzhi by Chen and Ou, two of the individual defendants named in this complaint.

30.     Since April 2014, instead of living up to its agreement with Triangl, Lingzhi has only ratcheted up its efforts to infringe Triangl's intellectual property and co-opt Triangl's business model and intellectual property.  In that regard, Lingzhi launched several Instagram accounts,     including     @brakinis_swimwear,     @brakinis_official,     @brakinis_bikini, @brakinis_swimsuit, @brakinis_underwear and @vossue.  Instagram terminated Lingzhi's first Instagram account, @brakinis_swimwear, because of Lingzhi's repeated violations of Instagram's terms of use regarding copyright infringement.  Lingzhi responded by creating the other Instagram accounts, some of which have also been terminated by Instagram. Representative Instagram posts from Lingzhi's Instagram accounts are attached as Exhibit 7.

31.     Lingzhi uses its Instagram accounts to engage with consumers and to convince them that "Brakinis" and "Vossue" are legitimate brands that are affiliated with Triangl.  For

example, Lingzhi frequently uses Triangl hashtags, *e.g.*, #triangl and #trianglswimwear, to attract consumers searching Instagram for Triangl-related posts to Lingzhi's Instagram accounts, and to trick consumers viewing Lingzhi's posts into thinking that "Brakinis" and "Vossue" are affiliated with or endorsed by Triangl.  (*E.g.*, Exhibit 7 at 17, 19).  Lingzhi's Instagram accounts replicate Triangl's Instagram account by posting photographs of women modeling Triangl bikinis or Knockoff Bikinis, as well as photographs of exotic beaches and pools.  (*See generally id.*).  Lingzhi's descriptions of the Knockoff Bikinis on Instagram include the copied Triangl product names.  (*See generally id.*).  Lingzhi has posted numerous photographs stolen from Triangl's website or Instagram feed (*id.* at 20, 22), and often reposts identical photographs of beaches and pools from Triangl's Instagram feed shortly after Triangl posts them.  Lingzhi also operates Facebook and other social media accounts for the "Brakinis" and "Vossue" brands containing infringing materials.

32.    There is ample evidence that Lingzhi has succeeded in deceiving consumers on social media.  Copies of representative Instagram comments reflecting such confusion are attached as Exhibit 8, and one such example is below.



(instagram.com/p/6kbXtzO3Kl)

33.     In its Instagram posts, Lingzhi has directed consumers to purchase the Knockoff Bikinis from brakinis.com or vossue.com.  (*See generally* Exhibit 7).  On those websites, Lingzhi has deepened the consumer confusion by selling the Knockoff Bikinis using dozens of photographs stolen from Triangl's website, and identical product descriptions copied from Triangl.  On brakinis.com, Lingzhi even copied Triangl's coined names for the colors and color combinations of the bikinis.  Lingzhi also uses Triangl's own price for its products from triangl.com as a "reference" price for the Knockoff Bikinis.  Copies of the home pages and representative product pages from brakinis.com and vossue.com from November 18, 2015 are attached as Exhibit 9.  Copies of a number of Triangl's copyrighted photographs that Lingzhi has copied and infringed (collectively, the "Triangl Images") are attached as Exhibit 10.

34.     For example, below is the authentic triangl.com product page for Triangl's "Poppy – Pink Lemonade" bikini, one of Triangl's best-selling products, and the infringing

product page for the "Poppy – Pink Lemonade" Knockoff Bikini that Lingzhi sold on brakinis.com.   Lingzhi stole all of the product pictures on the brakinis.com page from triangl.com, including the photograph of the model wearing the Poppy bikini.   The product descriptions are identical.   Even the brakinis.com product page's URL replicated Triangl's URL. The only apparent differences between the products are the brand name and the lower price at which Lingzhi sold the knockoff version.   As well, Lingzhi compared its price to Triangl's price, "$59.00 ~~$89.00~~," implying to consumers that "Brakinis" is authorized to sell Triangl bikinis at reduced prices.   Below is Triangl's product page for the Poppy model in the Pink Lemonade color format:

# TRIANGL

HOME   SHOP   TRIANGL GIRLS   LOOKBOOK   CUSTOMER CARE   SIZING   WHERE TO BUY   MY ACCOUNT



## POPPY - PINK LEMONADE

89 USD – SET (TOP & BOTTOM)

STRUCTURED NEOPRENE BIKINI IN CANDY PINK, BRIGHT
ORANGE + YELLOW



SIZING   |   SHIPPING   |   DESCRIPTION



● ● ● ● ● ● ●

Terms & Conditions   © 2015 Triangl.com

(northamerica.triangl.com/collections/swimwear/products/poppy-pink-lemonade)

Below is the confusingly similar product page for the "Brakinis" knockoff Poppy – Pink
Lemonade bikini:



(Previously available at brakinis.com/collections/swimwear/products/poppy-pink-lemonade)

35.   The source code for the brakinis.com website referred to some product images as "TRIANGL" images, and the image file names were virtually identical to the Triangl Image file names from Triangl's website, thus confirming that Lingzhi copied the images directly from triangl.com.

<u>Stolen Triangl Images in brakinis.com Source Code</u>

```
30    <meta property="og:image"
      content="http://cdn.shopify.com/s/files/1/0288/0528/products/1.-TRIANGL-MILLY---CAPRI-
      CRUISE_grande.jpeg?v=1444294149">
31    <meta property="og:image:secure_url"
      content="https://cdn.shopify.com/s/files/1/0288/0528/products/1.-TRIANGL-MILLY---CAPRI-
      CRUISE_grande.jpeg?v=1444294149">
32
33    <meta property="og:image"
      content="http://cdn.shopify.com/s/files/1/0288/0528/products/2.-TRIANGL-MILLY---CAPRI-
      CRUISE_grande.jpeg?v=1444294152">
34    <meta property="og:image:secure_url"
      content="https://cdn.shopify.com/s/files/1/0288/0528/products/2.-TRIANGL-MILLY---CAPRI-
      CRUISE_grande.jpeg?v=1444294152">
35
36    <meta property="og:image"
      content="http://cdn.shopify.com/s/files/1/0288/0528/products/3.-TRIANGL-MILLY---CAPRI-
      CRUISE_grande.jpeg?v=1444294156">
37    <meta property="og:image:secure_url"
      content="https://cdn.shopify.com/s/files/1/0288/0528/products/3.-TRIANGL-MILLY---CAPRI-
      CRUISE_grande.jpeg?v=1444294156">
```

36.   In addition, the source code reflects that Lingzhi has used "Triangl" and "Triangle" in its source code as tags, presumably so that consumers searching for authentic Triangl products would find the brakinis.com website instead of the Triangl website when looking for the Triangl website.

<u>Tags for "Triangl" and "Triangle" in brakinis.com Source Code</u>

```
27T17:46:22+08:00","vendor":"WINNIE","type":"Bikinis","tags":["Back clasp
fastening","Bandeau","bandeau top","Black","Bottoms fit very firm","Flexible
boning","functional zip","High-curved sides","Hipster bikini bottom","Jet Black","Matte Jet
Black","Neon Yellow Mesh","Neoprene","Sexy","Structured bandeau
top","Top","Tops","Triangl","Triangle","Winnie","Winnie Neoprene bikini","Yellow
Mesh","Zip"],"price":5900,"price_min":5900,"price_max":5900,"available":true,"price_varies"
```

37.     Lingzhi's vossue.com website looked nearly identical to the official triangl.com website.  (*Compare* Exhibit 5 *with* Exhibit 9 at 7-12).  Lingzhi essentially copied the triangl.com website and replaced "Triangl" with "Vossue."   Indeed, the "Contact Us" page on vossue.com initially directed consumers to make returns by emailing returns@triangl.com and to make social media inquiries to janice@triangl.com.   A September 26, 2015 Google cached copy of the vossue.com "Contact Us" page is attached as Exhibit 11.

38.     On brakinis.com and vossue.com, Lingzhi has accepted payment in U.S. dollars (via PayPal or credit card) and has offered to ship the Knockoff Bikinis to the U.S., including to this District.  (*See* Exhibit 9 at 6, 12).  Attached as Exhibit 12 are screenshots confirming that Lingzhi has sold to and shipped Knockoff Bikinis to New York and other U.S. consumers.

39.     Lingzhi also has sold the "Brakinis" Knockoff Bikinis on various online marketplaces, such as alibaba.com, aliexpress.com and amazon.com, in U.S. dollars to U.S. consumers.   On these marketplaces, Lingzhi is even more brazen, sometimes holding out Knockoff Bikinis to be authentic Triangl products, and even selling certain Knockoff Bikinis with the Triangl Mark on the bikini tags and zippers, as well as on packaging.   Copies of representative pages from these online marketplaces are attached as Exhibit 13.   Not surprisingly, consumers have been deceived by Lingzhi's infringement on these marketplaces, as reflected by the below representative comments posted by U.S. consumers to Lingzhi's aliexpress.com store page (aliexpress.com/store/feedback-score/202493.html):





40.     Triangl has reported Lingzhi's trademark, trade dress and copyright infringement to service providers, including Alibaba, GoDaddy, Google, Instagram, PayPal and Shopify. Fortunately, as a result of Triangl's efforts, some of Lingzhi's Instagram accounts were shut down, several of Lingzhi's PayPal accounts were terminated, and brakinis.com and vossue.com were taken offline and removed from Google search results.

41.     Recently, Lingzhi submitted a DMCA Counter-Notice to Google in response to a DMCA takedown request that Triangl had filed relating to search results for vossue.com. Lingzhi's February 11, 2016 DMCA Counter-Notice is attached as Exhibit 1.  Lingzhi's Counter-Notice is signed by Defendant Jeff Xue, who held himself out to be a director of "the VOSSUE business."  He further stated: "The Products and images are solely our creations. . . . We do not sell Triangl bikinis nor have any Triangl marks on our products whatever so ever. I fully do not believe we are infringing on any copy right."   As detailed above, Mr. Xue's statement to Google on behalf of Lingzhi is patently and knowingly false.  Furthermore, based on the Counter-Notice, it appears that Lingzhi intends to continue selling Knockoff Bikinis using the vossue.com website.

42.     On information and belief, Defendants have created and/or are planning to create additional brands beyond "Brakinis" and "Vossue" that infringe the Triangl Trade Dress, Triangl Designs, Triangl Images and Triangl Mark, and Defendants have registered and/or are planning to register additional domains, social media accounts, and online marketplace stores to sell Knockoff Bikinis.

43.     Lingzhi's pirating of the Triangl brand is extremely harmful to Triangl.  Given Lingzhi's direct and intentional copying of the Triangl Trade Dress, Triangl Designs, Triangl Images and Triangl Mark, it is inevitable that consumers will continue to confuse the infringing "Brakinis" and "Vossue" bikinis, and other similar looking Knockoff Bikinis sold by Lingzhi under other brand names with Triangl's bikinis, and will mistakenly believe that Triangl has created, endorsed, or is affiliated with, the Knockoff Bikinis.  Lingzhi is unlawfully deriving sales and profits from the Knockoff Bikinis, and Triangl is suffering immediate and ongoing irreparable harm to its goodwill and reputation, as well as substantial financial damages. Although Defendants' scheme is global in nature, it particularly harms Triangl in the U.S., Triangl's primary marketplace, and in New York, the leading state for Triangl's U.S. sales.

### COUNT ONE
### FEDERAL TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

44.     Triangl repeats and realleges each of the allegations above as if fully set forth herein.

45.     The Triangl Trade Dress is non-functional and highly distinctive, and has become associated in the public mind with swimwear products of the highest quality and reputation finding their source in Triangl.

46.     Triangl owns all right, title and interest in and to the Triangl Trade Dress.

47.     Without Triangl's authorization or consent, and having knowledge of Triangl's prior rights in the Triangl Trade Dress, Defendants have designed, manufactured, distributed, advertised, offered for sale and sold exact replicas of the Triangl Trade Dress on the Knockoff Bikinis to the consuming public in direct competition with Triangl, in or affecting interstate commerce.

48.     The Knockoff Bikinis unquestionably are confusingly similar to the Triangl Trade Dress.  Defendants' use of the Triangl Trade Dress has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Triangl's goodwill and reputation as symbolized by the Triangl Trade Dress.

49.     As a direct and proximate result of Defendants' unlawful conduct, Defendants have misappropriated Triangl's rights in the Triangl Trade Dress, as well as the goodwill associated therewith, and have diverted sales and profits from Triangl to Defendants.  Thus, as a direct and proximate result of Defendants' acts of willful infringement, Triangl has suffered damage to its valuable brand, and other damages in an amount to be proven at trial, including Defendants' profits and Triangl's lost profits.

50.     Triangl has no adequate remedy at law.  If Defendants' activities are not enjoined, Triangl will continue to suffer irreparable harm and injury to its goodwill and reputation.

51.     Defendants' use of the Triangl Trade Dress thus constitutes trade dress infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

52.     In addition, Defendants' unauthorized use of the distinctive Triangl Mark in connection with their manufacture, advertisement, offer to sell and sale of Knockoff Bikinis is

likely to confuse consumers, irreparably injures Triangl, and constitutes trademark infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

53.     Defendants' aforesaid acts are exceptional within the meaning of 15 U.S.C § 1117.

## COUNT TWO
## FEDERAL COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 101, ET SEQ.

54.     Triangl repeats and realleges each of the allegations above as if fully set forth herein.

55.     Triangl owns a valid copyright in each of the original Triangl Designs.   The Triangl Designs are original, decorative, non-functional and are physically and conceptually separable from the Triangl bikinis on which they are depicted.   Defendants, without authorization from Triangl, have designed, manufactured, distributed, advertised, offered for sale and sold the Knockoff Bikinis bearing designs that Defendants copied identically from the Triangl Designs.

56.     Triangl also owns a valid copyright in each of the original Triangl Images depicted in Exhibit 10 (the photographs of the Triangl bikinis).   Defendants, without authorization from Triangl, have copied the Triangl Images and have publicly displayed the Triangl Images on brakinis.com, vossue.com, and social media accounts to advertise and sell their Knockoff Bikinis.

57.     All of the Triangl Designs and Triangl Images were originally created by Triangl or were assigned to and are owned by Triangl.   As works authored by non-U.S. citizens outside the U.S., the Triangl Designs and Triangl Images are entitled to copyright protection in the U.S., and Triangl is exempt from any requirement of filing an application to register its copyrights in

the Triangl Designs and Triangl Images before filing an infringement action under the U.S. Copyright Act.

58.     Defendants have thereby infringed Triangl's copyrights in the Triangl Designs and Triangl Images.

59.     On information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Triangl's exclusive rights in the Triangl Designs and Triangl Images.

60.     On information and belief, as a result of Defendants' copyright infringement, they have made substantial profits and gains to which they are not entitled to retain.

61.     As a direct and proximate result of Defendants' unlawful conduct, Defendants have caused and will continue to cause irreparable injury to Triangl, for which Triangl has no adequate remedy at law.

**COUNT THREE**
**INJURY TO BUSINESS REPUTATION AND**
**TRADE DRESS AND TRADEMARK DILUTION, N.Y. G.B.L. § 360-1**

62.     Triangl repeats and realleges each of the allegations above as if fully set forth herein.

63.     Defendants' illegal acts as set forth above have caused and will cause injury to Triangl by tarnishing Triangl's valuable reputation and diluting or blurring the distinctiveness of the Triangl Trade Dress and the Triangl Mark in violation of New York General Business Law § 360-1.

64.     Triangl does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of the Knockoff Bikinis unless this Court enjoins Defendants from such deceptive business practices.

**COUNT FOUR**
**TRADE DRESS AND TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

65.     Triangl repeats and realleges each of the allegations above as if fully set forth herein.

66.     Triangl has built up valuable goodwill in the Triangl Trade Dress and the Triangl Mark.  As such, the Triangl Trade Dress and the Triangl Mark have become associated with Triangl's swimwear products, and have come to symbolize the reputation for quality and excellence of Triangl's swimwear products.

67.     Defendants' wrongful use of colorable imitations of the Triangl Trade Dress and the Triangl Mark as alleged herein is likely to deceive the public into believing falsely that Defendants' Knockoff Bikinis are associated with, originate from, or are offered, sponsored or approved by Triangl, or that there is otherwise a connection between Triangl's and Defendants' products and businesses.  Defendants have unfairly competed with Triangl in violation of New York common law and laws of states in which Defendants have marketed and sold the Knockoff Bikinis.

68.     On information and belief, such actions were taken by Defendants in a deliberate attempt to misappropriate and trade off of the goodwill and valuable reputation of Triangl and the Triangl Trade Dress and the Triangl Mark.  Such action is a willful attempt by Defendants to usurp the goodwill in Triangl's rights to the Triangl Trade Dress and the Triangl Mark, and constitutes unfair competition in violation of New York common law and laws of states in which Defendants have marketed and sold the Knockoff Bikinis.

69.     As a direct and proximate result of Defendants' conduct, Triangl has suffered damage to its valuable Triangl Trade Dress and Triangl Mark, and other damages in an amount to be proven at trial.

70.     Triangl does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of the Knockoff Bikinis unless this Court enjoins Defendants from such deceptive business practices.

### COUNT FIVE
### BREACH OF CONTRACT UNDER NEW YORK COMMON LAW

71.     Triangl repeats and realleges each of the allegations above as if fully set forth herein.

72.     The April 2014 agreement between Triangl and Defendants, Exhibit 6, is a valid and enforceable agreement.

73.     Jiangmen City Xinhui District Lingzhi Garment Co., Ltd. materially breached paragraphs 1 and 3 of the April 2014 agreement by among other things, failing to abide by their agreement to shut down the "Brakinis" brand and website, failing to stop making and distributing "Brakinis" products, and failing to stop using Triangl's intellectual property.

74.     Triangl has performed all of its obligations under the April 2014 agreement.

75.     As a result of Jiangmen City Xinhui District Lingzhi Garment Co., Ltd.'s material breach of the April 2014 agreement, Triangl has been injured in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Triangl prays for judgment against Defendants as follows:

1.     That Defendants, their officers, members, directors, agents, servants, employees, confederates, representatives, and all persons acting in concert or participation with them, be permanently enjoined and restrained from:

    (i)  Manufacturing, importing, distributing, advertising, offering to sell or selling the Knockoff Bikinis or any colorable imitations of the Knockoff Bikinis;

    (ii) Using the Triangl Trade Dress or any confusingly similar trade dress on swimwear or other apparel;

(iii)   Using the Triangl Mark, or any confusingly similar mark, in connection with the advertisement, offer to sell or sale of any swimwear products;

(iv)   Using any false designation of origin, or representing or suggesting directly or by implication that Defendants, "Brakinis," "Vossue," or any other brands created by Defendants, or their apparel, are affiliated with, associated with, authorized by, or otherwise connected to Triangl, or that Defendants are authorized by Triangl to use the Triangl Trade Dress, Triangl Designs, Triangl Images or Triangl Mark;

(v)   Copying, distributing, displaying or making derivative works of the Triangl Designs or Triangl Images;

(vi)   Continuing to produce, distribute or sell "Brakinis" products, or continuing to operate the brakinis.com website;

(vii)   Engaging in any other activity constituting unfair competition with Triangl, or constituting infringement of the Triangl Trade Dress, Triangl Designs, Triangl Images or Triangl Mark; and

(viii)   Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (vii) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vii) above.

2.   That Defendants be required to recall from the trade and all distribution channels any and all Knockoff Bikinis, and any advertising and promotional materials relating to the Knockoff Bikinis.

3.   That Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all Knockoff Bikinis, and any advertising and promotional materials relating to the Knockoff Bikinis.

4.   That Defendants be required to undertake corrective advertising to remedy the damage and injury to Triangl caused by Defendants' unlawful and infringing trade dresses and infringing use of the Triangl Mark, including but not limited to displaying, on the homepage of any website or online marketplace operated by Defendants that sells swimwear products, or any

social media account operated by Defendants promoting such products, a prominent disclaimer stating that "[DEFENDANTS' BRAND] IS NOT AFFILIATED WITH TRIANGL."

5.      That Defendants be directed to file with the Court and serve on Triangl, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

6.      That the Court direct any third parties providing services to Defendants in connection with any infringing and/or enjoined conduct, including social media platforms (*e.g.*, Instagram, Facebook, Twitter), online marketplaces (*e.g.*, Alibaba, AliExpress, Amazon, Taobao), online payment providers, including credit card companies (*e.g.*, PayPal, Visa) and other service providers (*e.g.*, Google, GoDaddy, LiveChat, Shopify) to cease providing services to Defendants.

7.      That Defendants account for and pay over to Triangl profits realized by Defendants in connection with its marketing and sale of the Knockoff Bikinis and its copying and infringement of the Triangl Trade Dress, Triangl Designs, Triangl Images and Triangl Mark.

8.      That Triangl recover its actual damages.

9.      That the Court award enhanced profits and treble damages.

10.     That Triangl be awarded statutory damages.

11.     That Triangl be awarded punitive damages.

12.     That Triangl be awarded interest, including pre-judgment interest, on the foregoing sums.

13.     That the Court deem this to be an exceptional case and that Defendants pay Triangl the costs of this action and Triangl's reasonable attorneys' fees and expenses.

14. That the Court direct such other actions as the Court may deem just and proper to prevent the public from deriving the mistaken impression that any products or services offered, advertised, or promoted by or on behalf of Defendants are authorized by Triangl or related in any way to Triangl's products or services.

15. That Triangl has such other and further relief as the Court may deem just and proper.

Dated: February 26, 2016                     Respectfully submitted,


                                             By:  /s/ Brendan J. O'Rourke

                                             Brendan J. O'Rourke
                                             Alexander Kaplan
                                             Jeffrey H. Warshafsky
                                             PROSKAUER ROSE LLP
                                             Eleven Times Square
                                             New York, New York 10036

                                             *Attorneys for Plaintiffs Triangl Group Limited,*
                                             *Triangl International Limited, and Triangl Limited*