

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

December 8, 2016

Jeffrey H. Warshafsky
Attorney at Law
d 212.969.3241
f 212.969.2900
jwarshafsky@proskauer.com
www.proskauer.com

<u>Via ECF</u>

Hon. U. S. D. J. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Re: Triangl Group Limited et al v. Jiangmen City Xinhui District Lingzhi Garment Co., Ltd. et al, 1:16-cv-01498-PGG**

Dear Judge Gardephe:

We are counsel to Plaintiffs Triangl Group Limited, Triangl International Limited and Triangl Limited (collectively, "Triangl") in the above-referenced matter. We are writing concerning the initial pretrial conference scheduled for December 15, 2016 at 10:15 am.

In accordance with the Court's Notice of Pretrial Conference (Dkt 17), Triangl has attempted to contact the Defendants to discuss the submission of a joint letter and Case Management Plan and Scheduling Order. As the Court is aware, three of the named Defendants, Jiangmen City Xinhui District Lingzhi Garment Co., Ltd. ("Lingzhi"), Chen Zhimei and Ou Fa Rong, have submitted a purported "Answer to Civil Complaint" (Dkt 22), which Triangl has moved to strike (Dkt 24). Triangl has confirmed that its letters concerning the joint submission for the initial pretrial conference reached those three Defendants at the address they provided in their "Answer to Civil Complaint." Triangl's most recent letter was signed for by "Ms. Chen." Triangl also sent copies of its letters to the other two named Defendants, Jeff Xue and MG Industrial Co., Ltd., at their last known addresses.

None of the Defendants have responded to Triangl. Triangl therefore respectfully submits on its own behalf the following summary of the case, contemplated motions and settlement prospects:

(1) Triangl is suing the Defendants for trade dress infringement, trademark infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), copyright infringement under 17 U.S.C. §§ 101, *et seq*, injury to business reputation and trade dress and trademark dilution under N.Y. G.B.L. § 360-l, trade dress and trademark infringement and unfair competition under New York common law, and breach of contract under New York common law. Triangl's claims are based on the Defendants' alleged copying and infringement of Triangl's intellectual property in connection with their design, manufacture, distribution, advertisement, offer for sale, and sale of knockoff bikinis. In particular, Triangl alleges that the Defendants have copied Triangl's copyrighted bikini designs and photographs, and have replicated Triangl's

**Proskauer»**

Judge Gardephe
December 8, 2016
Page 2

      designs on knockoff bikinis.  Triangl further alleges that Defendants' knockoff bikinis infringe Triangl's trade dress—decorative black trim on the bikini tops and bottoms, forming a "T" shape on the front of each bikini cup—which is widely recognized by consumers.  In addition, Triangl alleges that Defendants have infringed the widely recognized TRIANGL mark in connection with the sale of certain knockoff bikinis.  Triangl's breach of contract claim is based on Defendants' alleged violation of an agreement between them and Triangl that, among other things, required Defendants to cease infringing Triangl's intellectual property.  Triangl is seeking permanent injunctive relief, an award of corrective advertising, and monetary damages.

(2) Triangl has moved to strike the "Answer to Civil Complaint" submitted by Lingzhi, Chen Zhimei and Ou Fa Rong.  Assuming Lingzhi does not appear through counsel, Triangl anticipates moving for entry of default and a default judgment against Lingzhi.  Triangl may also move to amend or supplement its Complaint (i) to reflect that the TRIANGL trademark has been registered by the USPTO, (ii) to incorporate additional, recently-discovered infringing conduct by the Defendants, including trademark counterfeiting, and (iii) to add a claim for counterfeiting of a registered mark under 15 U.S.C. § 1114.

(3) The parties have not discussed settlement.

Triangl's proposed Case Management Plan and Scheduling Order is enclosed.  Triangl sent an earlier draft of this proposed order to the Defendants but, as noted, has not received any response from them.  Triangl has proposed a longer case schedule than normal because the Defendants are all based in China and have not been responsive to Triangl thus far.


Respectfully submitted,

/s/ Jeffrey H. Warshafsky
Jeffrey H. Warshafsky

Enclosure

Cc: All Defendants (via courier)